UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL ANDERSON,<br><br>                Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | CASE NO. 4:15-CV-5091-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT** |

Before the Court, without oral argument, is Plaintiff Michael Anderson's "Rule 59E Motion on This Court's Order Granting In Part Plaintiff's Motion for EAJA Fees." ECF No. 32. On January 13, 2017, the Court granted in part Plaintiff's Motion for EAJA Fees. ECF No. 31. Plaintiff now moves the Court to alter or amend that judgment. He argues that the Court committed clear error by reducing the requested attorney fee award. The Commissioner objects and argues that the Court did not commit any legal or factual error that would justify altering or amending the previous order. ECF No. 33

Three grounds justify altering or amending a judgment under Federal Rule of Civil Procedure 59(e): "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in the controlling law."

ORDER - 1

*United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Plaintiff argues that the Court committed clear error because it reduced the fee award despite the presence of a common core of facts, and cites to *Hensley v. Eckerhart*, 461 U.S. 424 (1983), for support.

In its previous order, the Court expressly referenced *Hensley*, explaining: "Where a 'plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.' *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)." ECF No. 31 at 2. The Court concluded that Claim Two, the claim on which Plaintiff lost, was "largely independent" of the claims on which Plaintiff prevailed. ECF No. 31 at 3. Accordingly, the Court found that it was appropriate under *Hensley* to reduce the requested fees to account for the fact that Plaintiff did not prevail on all of the issues.

In reducing the fees, the Court reduced only the reported time spent writing the briefs, and not time spent reviewing the record, doing legal research, writing the fact section, or reading Defendant's filings or Court orders, as the Court recognized that these activities could not be clearly attributed to any of the four claims presented by Plaintiff. The Court finds that this analysis accounted for time spent on research or review that may have been common to the four claims presented. *See Hensley*, 461 U.S. at 435 ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."); *id.* at 436–

37 ("There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.").

Plaintiff cites to language from *Hensley* indicating that an attorney fee award should be tied to the result, and that a successful result may justify a "fully compensatory fee" even if the plaintiff did not prevail on all alternative grounds for relief. ECF No. 32 at 4 (citing *Hensley*, 461 U.S. at 343–35). While this contention is correct, the Court notes that Plaintiff did not obtain a fully successful result in this case. The Court upheld the ALJ's finding on Claim Two and advised that the ALJ did not need to reconsider or reweigh related evidence on remand. ECF No. 25 at 11–12, 21. Accordingly, this claim was not simply an alternative argument for the relief granted by the Court, but was instead a separate argument upon which relief was denied. The time spent on Claim Two was thus not "expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 431.

The Court finds that it correctly analyzed the law regarding EAJA fee awards and thus denies Plaintiff's motion to alter or amend the judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Michael Anderson's "Rule 59E Motion on This Court's Order Granting In Part Plaintiff's Motion for EAJA Fees," **ECF No. 32**, is **DENIED.**

ORDER - 3

**2.**   This file shall remain **CLOSED.**

**IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this ___1st___ day of March 2017.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge